As soon as council are situated, you're welcome to begin. May it please the court, my name is Neil Smith from San Francisco. I represent Poof Apparel, a New York company, the defendant and appellant here. This case represents one of the worst examples of a default judgment going bad that you will see. As you can see in the record, Poof's Chinese supplier mistakenly copied a nondescript label on plaintiff's goods, attempted to cooperate in what was clearly a small damage case through a well-intentioned New York lawyer. The case should have been settled as was intended or fairly tried on the merits, and we ended up in a default situation. We asked the court to grant a new trial and reverse for several reasons. First, this really was a small case, and the intention to try to resolve it and not hire counsel on the West Coast made a lot of sense as it was a small case. The magistrate judge in the case awarded damages under copyright and trademark principles. As to the trademark principle, he awarded statutory damages and attorney's fees. It's axiomatic in copyright law in order to encourage timely registration of copyrights, that if you don't register your copyright within three months of publication or have it registered before the infringement begins. Counsel, were the statutory damages under the Copyright Act, right? Yes. Oh, I thought you said the vice versa. No, this was under the Copyright Act. And the Copyright Act, as I said, encourages registration, has a clear prohibition against both attorney's fees as well as statutory damages. And it's not just a you may obtain damages if you've done registration. It is a clear prohibition. The title of the section, 17 U.S.C. 412. Let's say we agree with that. Let's move on. Let's assume that we agree with that point. Okay. Registration has prerequisites. I'm just kind of curious as to why there was such delay. Was it because you, not you, but PUSC counsel felt all along that this was such a small case and, therefore, they basically did nothing, certainly did nothing in response to receipt of these letters, you know, the CIS letters, did nothing in response to that last letter that basically says we need you to do something and give us a timetable when you'll make corrective action or we're going to have to file suit, did nothing in response to a suit being filed for about, what, 47 days. And then it takes another 100 days before, after a suit gets filed, before, once again, counsel decides that we better do something in terms of trying to settle this thing. I mean, we go for half a year before, at least after a suit gets filed, before anything is done. Is that just because they thought it was such a small case? Well, there's several aspects to it, but certainly with respect to it being a small case, and justifiably no attorney's fees, no statutory attorney's fees, no statutory damages, and the infringement being so small, immediately it was determined there were only 3,750 garments. As is in the record, the garments had been discontinued. The manufacturer of those had been discontinued. These would have been wonderful arguments to make if you had responded to the complaint and made an appearance in court and argued these points. But you didn't want to do that, so now here we are. And it's really about the appropriateness of some of these damages calculations as to whether or not there was evidence in the record to support the damages awards. That's kind of where we are now. And the rest of this that you're talking about, that ship has sailed. Well, certainly from the standpoint of it being a small case, that's the case. Counsel's appellee's reply brief suggests with respect to the attorney whether there was whether there was, with respect to the attorney's actions, whether the attorney's actions Well, we'd certainly like to hear good cause. Let's hear about the good cause for proofs counsel not doing anything at all. And give us an example of good cause, why the default, should we say so. The case was a small case. There were no damages with respect to that. There was no copyright registration, not even in the original complaint. There hadn't even been a copyright registration made. There was no registration of a copyright in a design mark with respect to a label. You need to show secondary meaning. These are not easy cases to win with respect to that. There was an offer of judgment made. That's in the record. And it made more sense to try to get the money to the plaintiff with respect to trying to settle the case. Now, I can't, I understand that the New York lawyer should have perhaps acted more quickly with respect to that and taken that more seriously. Footnote four of counsel's brief suggests a possible reason to set aside would be the gross actions of the attorney. I can't speak to that. I think with respect to this, this is certainly a reasonable action to take under those circumstances and move on. With respect to the damages case, it was very clear that this was a small case. There were 3,750 goods. Let me ask you a question on the calculation of damages issue. The court awarded plaintiff 685,000 plus as the damages under the Lanham Act and the Washington State Consumer Protection Act claims. And as I understand your appeal, you are challenging the calculation under the Lanham Act, but I don't see a challenge under the Washington Consumer Protection Act. I'm reading your appeal correctly. What effect, if any, does that have on your claim, which is mainly that they messed up by adding in the copyright claim. So the claim might apply to both, but I'm just curious about whether the absence of that has any effect. Well, the appeal is with respect to that. It is a tag along with respect to the Washington Consumer Act. The appeal is to? Go to that as well as we challenge the numbers. We challenge the numbers with respect to that and the entitlement with respect to that and the calculation with respect to those damages, that those damages are not anywhere reasonable on the basis of the record under either act. Does your opening brief make a separate claim about the Washington Consumer Protection Act? I think the appeal was with respect to both. I don't know if it does. My understanding is that they were calculated together and we challenged the calculations of that and all the assumptions that were made, the additional garments that were added improperly with respect to that. I see what you're saying. So you're saying that the logic of it necessarily, if you're right under the Lanham Act, you have to be right under the Washington Act, too, because the court made a single calculation and the calculation was wrong. Is that your argument? Yeah, that's correct. Also, if you look at the court's order with respect to how the damages were made, the damages were awarded under the Lanham Act and it was really treated as a Lanham Act and a copyright federal case with respect to that. Anyway, with respect to the damages, there were several errors made with respect to the calculation of damages on several planes, one with respect to the number of the goods that were possibly sold. It was 3,750 goods and there was no basis for the assumption to go well beyond that, 60 times the number of sales. Is that what's required under the Lanham Act, how damages are calculated, the number of items sold? Well, it's a profit calculation with respect to that. The goods that were sold with the infringement should be the goods that the profits are calculated on here. The profits went well beyond that, 60 times the number of the sales of the goods that were sold, well beyond the profit margin that had been testified to with respect to that. And there should be some relationship of the infringement to a benefit granted by the mark that was involved. None of that was there. And what's the basis for your argument that the damages recoverable are something other than what is stated in the Lanham Act itself? Well, with respect to the calculations, the magistrate judge used related styles, how he referred to it, styles that were similar with respect to that, and awarded damages based upon related styles. There's no showing that those goods ought to be within the category of infringement. So that greatly increased the number with respect to the calculations. I'm not sure you answered my question. Sir? I'm not sure you answered my question. What you're saying happened is the magistrate judge, instead of just simply taking all of your client's profits, limited the damages calculation to only profits generated by related goods. No, he took the profits which would have been proper with respect to the goods that were identified as infringement or the number of goods that could possibly have been manufactured or possibly sold with respect to that, included related goods where there was no showing that they bore the mark or the infringement with respect to that. So included a whole batch of related goods in the category of damages based upon assumptions that they were similar goods, similarly priced and whatever. But what does the Lanham Act require or provide in terms of recoverable damages? What does the Act itself provide? The Act provides for infringement where the ‑‑ Profits, damages and costs. Profits, damages and costs. It relates to the profits of the defendant. That's it. With respect to that. I understand that. So my question to you is, what authority do you have that the damages should be something less than that, than what the Act provides for? The testimony, the information in the record as to the number of goods that bore that label and that it should be limited to the actual number of those goods, that the deductions ought to be greater with respect to the profit margin of the defendant. Well, that's kind of difficult to do, isn't it, when the defendant defaults and the defendant doesn't come into court with respect to any evidence regarding its costs but would like to do so now. So what we're left with is damages under the Lanham Act are calculated based upon the defendant's profits, right? Defendant's profits, yes. Now, with respect to the deductions, there was some information that was redacted by the defendant. As explained in the record, and that had been redacted because in the past, in the case, information had been provided under protective order to the lawyer and the plaintiff, Derrick Andrew, had that information. It was either sales or customer information. So for that reason, that information was not exposed to the plaintiff. And that was the reason for that. There is testimony as to the confidentiality and the reason that that was done. You have about a minute left. Would you like to save that for rebuttal? I should reserve that for rebuttal. Thank you. Good morning. May it please the Court, my name is Lance Kuntz and I represent the appellee, Derrick Andrew, Inc. Unless the Court has specific questions for me on the default issue, I think that Judge Wright was correct that that ship has sailed here. I think the law and the facts on the default are pretty clear and that the parties have adequately addressed those issues. I have a question for you on the copyright claim. I don't understand how you can be entitled as a matter of law to statutory damages under the Copyright Act because the activity that infringed started before the effective date of the registration. And if you're not entitled to statutory damages under the Copyright Act, should the district court have taken that into account in assessing the amount of attorney fees for your success? I'm happy to address that, Your Honor. We did not seek below any statutory damages for any acts of infringement that occurred prior to the date of registration. The district court did not find that there was any infringement for the purposes of statutory damages under the Copyright Act prior to the date of registration. What we presented to the court below was evidence that the infringements that occurred after the date of the registration were new and separate infringements under the Copyright Act. And there are cases that Section 412 does in fact say that you cannot collect statutory damages for infringements that occur prior to the date of registration, and we are aware of that. Why was this separate? Why wasn't this one activity? The case is on that point. Same hang tags, right? Same hang tags, same clothing manufacturer, same factory. It was an ongoing course of conduct. Tags, tags, tags, tags. And somewhere towards the end of the tags, tags, tags comes the registration. In the middle? In the middle. Whatever. Call it the middle, in the midst. We don't dispute that it's the same defendant. The cases that do talk about the separate acts of infringement constituting a new act for the purposes of Section 412 don't distinguish between whether it's the same defendant or not. I guess the question here is where's the line between something that is a continuing infringement and a new infringement? Well, when you have a manufacturing process, you presume that they don't all get manufactured on one day. That's correct, Your Honor. But if you have a copyrighted pattern and somebody starts to use that copyrighted pattern and continues on, why do you get to come back later and get those statutory damages? What I was going to say, Your Honor, is that it might be different. I don't know exactly where that line is, and the cases aren't clear on that one point. Does a different infringement have to mean you put the design on a coffee cup versus a refrigerator? I don't know. But here, what we did present to the court below was that the design was placed on different types of goods after the date of copyright registration and then distributed in the United States after the date of copyright registration. And the court below found that those infringements were sufficient to warrant a statutory damages award under the Act. Counsel, what's your strongest case that supports your argument in this regard? The strongest case? We presented evidence below. What's your strongest case law to support? I'm sorry. What case best supports your argument? Most of the cases that we have cited below. What's your single strongest case? I think it's the Mason case, which is not in this circuit. But almost all of the cases we've cited, including the Johnson v. Jones case, which is Hoof Apparel's main case, do acknowledge the distinction between a separate and distinct act of infringement. There's not a lot of case law guidance on where that line is. The Mason case was cited in your brief? I don't know that it was, Your Honor. It's cited in the Johnson v. Jones case, and it is Mason v. Montgomery data. It's the Southern District of Texas case. A new or separate basis for the award of statutory damage is created, however, only where there is a difference between pre- and post-registration infringing activities. That same language is cited in Johnson v. Jones, which is the primary case. Johnson v. Jones is a Sixth Circuit case. Right. It doesn't take into account the fact that there's a series of acts that continue. That doesn't help me very much, because the case law says if there's a series of acts that continues the same infringement, it's not a separate infringement. But the case law does say that, Your Honor. I agree. All right. I can address the second point, which is the attorney's fees issue, because the attorney's fees under the Copyright Act also depend on Section 412. And Your Honor had asked whether there needed to be a remand for that purpose. Should the Court find that this was a continuing infringement and that Section 412 precludes attorney's fees as well as statutory damages here? We submitted a very detailed fee application in this matter. It includes a breakdown of all of the bills that were sent to our client. It includes further breakdowns that were requested by Magistrate Judge Donohue. I think that it's more of a mechanical matter. The amount of time spent on the copyright issues in this case are vanishingly small, as opposed to the trademark issues. The copyright issue has really only come up on appeal. There was no argument below even as to the continuing infringement. So you submitted enough documentation to the district court so that if we remanded it for reallocation of damages, the district court would be able to pull out the copyright or the damages attributed to the copyright violation, right? I believe so, Your Honor. Okay. But I think the other thing I'd like to address with the time I have is the assertion by Mr. Smith this morning that this was a small case and that only 3,750 units were sold with respect to trademark damages. That's really not what the record below showed. I mean, and that's not what the Court found. The Court here below, we put on evidence as we are required to under the Lanham Act as to whose revenues, and that was our burden below. And we put on evidence as to the number of units that bore the hang tag, the number of styles that bore the hang tags, and then from their own records we were able to recreate how many units of those styles were ordered and what the revenues were for each of those items. The burden then shifted to POOF Apparel to show costs and deductions from that revenue number to get to them. Or to show that not all of those styles bore the tags in every case or whatever. Yes, Your Honor. And they did not put on that evidence. The only evidence POOF ---- But you do agree in principle that if they only used two hang tags and the damages are quite a bit less than if they used 200,000 of them, that it depends on the extent of the usage. It does. Yes, Your Honor. And what the Court found below was something in the range of 110,000 units that had the hang tags on them. And so if it was wrong, basically it's because of the default itself. I mean, that's what caused the problem to begin with. No, Your Honor. This was a full trial on damages below. And so we put on evidence as to the number of units. We did it ---- Derek Andrew did its own investigation in the marketplace because we could not get their recalcitrance in discovery. We went out into the market. We found styles that had the hang tag on them, and then we used their documents in their possession that they did produce in discovery, which were very limited and only covered a period of time that we think was less than the time that these were on the market. And then we used those ---- their own documents to calculate the numbers. And there was ---- so there was not ---- you know, if there were any assumptions made by the district court here on the damages calculation, they were precisely the kinds of assumptions courts always make in Lanham Act cases in order to get to revenue figures. But, you know, Mr. Terzi, the president of POOF Apparel, was the only witness that POOF Apparel put on the stand on damages. And Mr. Terzi was found to be not credible by the district court on virtually every issue that's relevant on appeal. They found that he ---- So standard of review for clear error then as to that finding, that he was not a credible witness. Yes. And as to the ---- I assume as to the numbers, et cetera, that we put on. But they did not put any on any competing evidence as to the number of units that ---- the number of styles that had the hang tag, the number of units that were sold other than Mr. Terzi's testimony. And the court found him to be not credible. His testimony, Mr. Smith has said the number 3750 five or six times this morning. The court found specifically that his testimony was based ---- was hearsay based on testimony of a non-present witness, their Chinese manufacturing agent. We actually, right before trial, made a motion to exclude that witness because they had said they were going to bring him to trial to testify firsthand as to the numbers. This was a surprise to us. We had sought different witnesses in discovery. We didn't get them. At the day of trial, they showed up without their agent. And so Mr. Terzi attempted to testify as to these numbers that he received secondhand. But I submit that we presented evidence below that very clearly demonstrated ---- demonstrates that it could not have been a number that was that low. The smallest number of units that Pouf Apparel ever produced in any of the records we could find on any one of these styles was over a thousand units. They have manufacturing runs that are in the thousands. And so we presented evidence to the court below that of the 20 styles that we presented to the court that bore the tags, each one of those styles could only have been made in manufacturing runs of a thousand or more. And so the idea that there were 3750, even if that testimony was not hearsay and the court had found him credible, I think our evidence was far stronger there. And I think with that, unless the court has any other questions. Thank you very much. Thank you. Mr. Smith, you have a little bit of rebuttal time remaining. Thank you. Quickly. With respect to the court's question with respect to the attorney's fees, the same absolute prohibition against attorney's fees for copyright infringement, they are forbidden under the statute if the copyright is not registered before the infringement begins. So there is absolutely required a remand. The information is not put in there. As to this case, in the copyright infringement, the remand needs to go further. They were not broken out by copyright or trademark. And further, with respect to the trademark cause of action in this case, the prevailing party, it should be remanded for consideration whether the prevailing party is not actually the defendant on the copyright infringement. The claim was made for statutory damages. In fact, statutory damages were requested in the amount of 3.3 million. So I'm not saying that's pre-decided. I just think that the remand requires that that be done. I think the court understands that this was not a new infringement. This was a continuum with respect to that and that there's no basis for that and that the Mason case was strongly different. With respect to the default aspects of it, the testimony, understandably, there was on the witness list, the agent from China was supposed to come in, understand there were visa problems with respect to that, but he did not testify with respect to that. With respect to the testimony of Mr. Terzian, there are some issues with respect to that. I understand that. When somebody says, I know my historic... Counsel, do you agree that the district court found him to be not credible to the extent his testimony wasn't hearsay? With respect to that, I understand that the district court made that statement with respect to his testimony. Okay. And so don't we have to live with that unless it's clearly erroneous? And how could we possibly find that his credibility determination is wrong? With respect to the number of goods that were found, with respect to the infringement, there is evidence in the record that goods were found that did not have the labels, I think the wet seal documents and some of the other things, the testimony with respect to that. With respect to his testimony, he said, I know what my profit margin is. It's six or seven or eight percent. And they say, well, you know about that because you heard about it from your account. Yes, but when you run a business and you hear about your profits and you know what your profit is, yes, it comes from that. My tax people tell me what my charitable deductions are. I take their word for it with respect to from year to year, and you have that number. It becomes reliable information with respect to that. Counsel, your time has expired, so would you wrap up your final point? The understanding with respect to it being a small infringement from the beginning is entirely consistent with it being a small case and try to settle the case and try to move on with respect to that. I understand that. Thank you, Your Honor. We urge reversal. Thank you. Thank you, counsel. The case just argued is submitted. We appreciate very much the arguments of all counsel, and we will stand adjourned. All rise. This court for this session stands adjourned.
judges: Graber, Rawlinson, Wright